# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent,**

**vs.)  No. 19-0405** (Mason County 17-F-85)

**Larry T. Huffman,**
**Defendant Below, Petitioner**

**FILED**
**December 7, 2020**
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Larry Huffman, by counsel Paul A. Knisley, appeals his conviction for third offense driving while revoked, driving under the influence (DUI-related). Respondent State of West Virginia, by counsel Mary Beth Niday, filed a response in support of petitioner's conviction. Petitioner filed a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

On August 5, 2016, petitioner was stopped by West Virginia State Police First Sergeant Chris Zerkle ("Sgt. Zerkle") on Route 52 near New Haven, West Virginia, for a fraudulent inspection sticker. As part of the traffic stop, Sgt. Zerkle checked petitioner's driver's license in the West Virginia Division of Motor Vehicles' ("DMV") system. The system noted that petitioner's driver's license "was valid with Interlock," which meant that petitioner's license was valid "as long as he had the proper equipment in the vehicle . . . the Interlock system . . . typically called the [b]low and [g]o . . . ." Sgt. Zerkle observed that the vehicle petitioner was operating was not equipped with Interlock and discussed the same with petitioner. Further, Sgt. Zerkle recalled that petitioner acknowledged that he knew he was supposed to have the Interlock system installed on his vehicle, but, since his release from prison, he had spent a lot of money to get his driver's license reinstated and was unable to afford the Interlock system.

On September 5, 2017, petitioner was indicted by the Mason County Grand Jury for Driving While Revoked, DUI-related, third or subsequent offense, in violation of West Virginia Code § 17B-4-3(b). Petitioner stipulated to his prior convictions and his jury trial began on May 23, 2018.

At trial, the State presented the testimony of only one witness, Sgt. Zerkle, and admitted petitioner's DMV record into evidence. Following Sgt. Zerkle's direct testimony about the traffic stop, the State presented its first exhibit, a certified copy of petitioner's DMV report. The report was entered into evidence without objection from petitioner's trial counsel. The State then asked Sgt. Zerkle, "Was it your conclusion that, based on the DMV information, that [petitioner]'s privilege to drive a vehicle on a public highway in this State was lawfully revoked on August 5, 2016?" To which, Sgt. Zerkle responded, "Yes, it was." When pressed, Sgt. Zerkle testified that he came to this conclusion due to the fact that petitioner did not have the proper Interlock equipment installed in his vehicle.

Under cross-examination, petitioner's counsel asked Sgt. Zerkle if it is was his opinion that driving on a revoked license is the same as driving on a valid/Interlock license, Sgt. Zerkle responded "[n]o, that's not my opinion. That's the way I've done it for 24 years. Anybody that's been valid with Interlock that doesn't have the equipment, is charged with driving revoked, DUI." Petitioner did not present any evidence in his defense, and, following the half-day trial, he was convicted of driving while revoked, DUI-related, third or subsequent offense. On May 29, 2018, petitioner filed a motion for new trial, which was denied by the circuit court on February 1, 2019. Petitioner was subsequently sentenced to an indeterminate term of one to three years in prison, and a $3,000 fine. It is from his conviction that petitioner now appeals.

On appeal, petitioner argues that it was plain error for the trial court to allow Sgt. Zerkle's trial testimony as to whether petitioner's privilege to drive a vehicle on a public highway in this State was lawfully revoked on the date in question. Petitioner contends that the admission of such testimony violated his right to a fair trial. As petitioner's trial counsel did not object to Sgt. Zerkle's testimony, this Court must consider petitioner's appeal under the lens of plain error. By its very nature, the plain error doctrine is reserved for only the most egregious errors. In order "[t]o trigger application of the 'plain error' doctrine, there must be (1) an error; (2) that is plain; (3) that affects substantial rights; and (4) seriously affects the fairness, integrity, or public reputation of the judicial proceedings." Syl. Pt. 7, *State v. Miller*, 194 W. Va. 3, 459 S.E.2d 114 (1995). Here, we find that the elements of the plain error doctrine are not met because the trial court did not err in allowing Sgt. Zerkle's testimony.

In syllabus point 5 of *Jordan v. Bero,* 158 W. Va. 28, 210 S.E.2d 618 (1974), we stated that "[w]hether a witness is qualified to state an opinion is a matter which rests within the sound discretion of the trial court and its ruling will not ordinarily be disturbed unless it clearly appears that its discretion has been abused." Furthermore, we held in syllabus point 2 of *State v. Peyatt,* 173 W. Va. 317, 315 S.E.2d 574 (1983) (quoting *State v. Louk,* 171 W. Va. 639, 643, 301 S.E.2d 596, 599 (1983)), that "'[r]ulings on the admissibility of evidence are largely within a trial court's sound discretion and should not be disturbed unless there has been an abuse of discretion.'"

Here, petitioner argues that Sgt. Zerkle's trial testimony exceeded the scope of Rule 701 of the West Virginia Rules of Evidence as improper lay opinion testimony. Rule 701 of the West Virginia Rules of Evidence provides that

> [i]f a witness is not testifying as an expert, testimony in the form of an opinion is
> limited to one that is: (a) rationally based on the witness's perception; (b) helpful

to clearly understand the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

Petitioner acknowledges that Sgt. Zerkle's testimony was clearly based on his perception, as he reviewed the petitioner's DMV record, and further observed that there was no Interlock in petitioner's vehicle. However, petitioner argues that when the State asked Sgt. Zerkle for his opinion as to whether petitioner's driving privilege was revoked, and Sgt. Zerkle informed the jury that petitioner's driving privilege had been revoked, such testimony went beyond helping the jury to understand his testimony or to determine a fact in issue. Petitioner claims that by stating this opinion that he did drive a vehicle on a highway in the State of West Virginia when his privilege to do so was revoked, Sgt. Zerkle basically instructed the jury to find the petitioner guilty, hence violating petitioner's right to a fair and impartial trial. We disagree.

A review of the record establishes that Sgt. Zerkle's testimony was properly admitted to assist the jury in determining a fact in issue: whether petitioner's license was revoked at the time of the traffic stop on August 5, 2016. Further, such information was also contained within the DMV records that were admitted as evidence without objection. As such, we find no abuse of the circuit court's discretion and no error or plain error.

For the foregoing reasons, we affirm the petitioner's conviction.

Affirmed.

**ISSUED:** December 7, 2020

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison

3